IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID FELTY
ADC #95976                                                                                              PLAINTIFF

V.                                            5:07CV00231 JMM/JTR

MAX MOBLEY, Deputy Director,
Arkansas Department of Correction;
and DR. HUGH BURNETT                                                                         DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommended Partial Disposition submitted by United States Magistrate Judge and the filed objections. After carefully considering these documents and making a *de novo* review of the record in this case, the Court adopts in part the Magistrate Judge's Proposed Findings and Recommended Partial Disposition.

Plaintiff's claim that he was denied adequate medical treatment by Mobley is based upon three events: a delayed response to his August 9, 2000 appeal of grievance CV00-4651; the denial of this same grievance on March 26, 2004; and the denial of grievance MX05-1339. Defendant Mobley concedes that a decision on the appeal of grievance CV00-4651 was delayed from August 9, 2000, until March 26, 2004, because it had been lost, but contends that all plaintiff's claims must be dismissed as they are barred by the applicable statute of limitations.

In his Proposed Findings and Recommendations, the Magistrate Judge found that all the claims against Mobley were time-barred.

1

Plaintiff responded in his objections that the statute of limitations did not begin to run on the delayed response claim and the denial claim until September 28, 2004 [1], when he actually received the appeal decision, resulting in his claims being timely filed. Plaintiff also contends that he made a timely claim against Mobley based upon the denial of grievance MX 05-1339 in his amended complaint.

Because the applicable state law statute of limitations governs § 1983 claims, plaintiff's claim against Mobley are subject to the three-year Arkansas statute of limitations. *See Board of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790 (1980); *Williams v. Bradshawk*, 934 F.2d 180, 182 (8th Cir. 1991).

Although state law determines the limitations period for filing § 1983 claims, federal law determines when a cause of action accrues. *White v. Garrison*, 70 F.3d 1276 (8th Cir. 1995) (unpublished table opinion). Under federal common law, a cause of action accrues when a plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

Plaintiff states in his complaint (#2) that he received a reply from Mobley acknowledging that Mobley had received the appeal of grievance CV004651 and that Mobley would respond by September 13, 2000. When a response was not received on that date, plaintiff's cause of action for the delayed response accrued because he knew or should have known of his claim. Because plaintiff did not raise this claim until September 7, 2007, almost seven years later, it is barred by the statute of limitations.

---

[1] The Court notes that the Magistrate Judge did not have the benefit of this information at the time he made his Proposed Findings and Recommendations.

Based upon plaintiff's allegation that he only learned of the denial of his grievance appeal on September 28, 2004, when he received the written denial, the Court finds that plaintiff's cause of action for the denial of his grievance did not accrue until the receipt of the denial. Accordingly, this claim was timely filed.

The Court has reviewed the complaint, and the amended complaint, and finds that plaintiff has failed to state a claim against Mobley based upon grievance MX 05-1339. Plaintiff states in his amended complaint (# 6) that he received inadequate medical care because (1) two x-rays have not been returned by Dr. Burnett to his medical file and that Mobley, as director of plaintiff's health care provider is responsible for this oversight, and (2) Mobley failed to follow the proper procedures or policy in regard to plaintiff's health care.

"A supervisor may be held individually liable under § 1983 if he directly participates in the constitutional violation or if he fails to train or supervise the subordinate who caused the violation." *Brockinton v. City of Sherwood*, 503 F.3d 667, 673 (8th Cir. 2007).

Plaintiff has made no allegations that Mobley directly participated or failed to train, or supervise, the employees who failed to insure the return of the missing x-rays.

Finally, Internal Arkansas Department of Corrections regulations and directives do not create a constitutional right, nor does a prison official's failure to follow such policies rise to the level of a § 1983 claim. *See Phillip v.* Norris, 320 F.3d 844, 847 (8th Cir. 2003) *(citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir.1996).

IT IS THEREFORE ORDERED THAT:

The Magistrate Judge's Proposed Findings and Recommendation is adopted (#32) to the extent that separate Defendant Mobley's Motion to Dismiss (#18) is granted in part and denied in part.

Defendant Mobley's motion to dismiss plaintiff's claim based upon the delay in addressing his grievance appeal CV00-4651 and plaintiff's claim based upon grievance MX 1339 is granted, and those claims are dismissed.

Defendant Mobley's motion to dismiss plaintiff's claim based upon the denial of his appeal is denied.  This denial is with prejudice as to the statute of limitation defense and without prejudice as to any other defense.

Dated this   20   day of   February  , 2008.

                                                    UNITED STATES DISTRICT JUDGE