**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DAVID FELTY**
**ADC #95976**                                                                                                    **PLAINTIFF**

V.                                    5:07CV00231 JMM/BD

**MAX MOBLEY, Deputy Director,**
**Arkansas Department of Correction;**
**and DR. HUGH BURNETT**                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.**     <u>Introduction</u>**:**

Plaintiff David Felty, an inmate currently incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), brings this § 1983 action pro se alleging that Defendants acted with deliberate indifference to his medical needs in violation of his constitutional rights (docket entries #2 and #6). Specifically, Plaintiff alleges that Dr. Hugh Burnett, a private "dentist/oral surgeon," failed to provide him with adequate medical care to treat a salivary stone located below his tongue in the area of Wharton's duct. Although it is unclear when Defendant Burnett began treating Plaintiff for that condition, the parties agree that on April 16, 2003, Defendant Burnett performed surgery to remove the stone. Plaintiff contends that the surgery was unsuccessful, and that there is still a stone or object in the area that is causing an infection, drainage, and severe pain.

On May 26, 2005, a dentist who is not a party to this action took four occlusal x-rays of Plaintiff's mouth and sent those x-rays to Defendant Burnett for review. Plaintiff alleges that two of those x-rays demonstrate that an unspecified object remains in the area of the Wharton's duct. Nevertheless, on June 30, 2005, Defendant Burnett allegedly informed prison officials that, based upon his review of the x-rays, the "surgery went very well and there is no need for follow-up [care]" (#2). Plaintiff contends that, despite several requests, Defendant Burnett has not returned two of the occlusal x-rays to his

prison medical file and that the failure to do so is currently preventing other, unnamed healthcare providers from providing him with appropriate care.[1]

On August 5, 2008, Defendant Mobley filed a motion for summary judgment (#83). In the motion, Defendant Mobley argues that: (1) Plaintiff's deliberate indifference claim fails as a matter of law; (2) he is entitled to sovereign immunity; (3) he is entitled to qualified immunity; and (4) respondeat superior is not a basis for recovery under § 1983.[2]

On September 22, 2008, Defendant Burnett filed a motion for summary judgment (#99). In the motion, Defendant Burnett argues that Plaintiff's deliberate indifference claim fails as a matter of law, and that he (Defendant Burnett) is entitled to qualified immunity.[3]

Plaintiff has responded to both motions for summary judgment (#89, #148, #152, and #153). In addition, on December 4, 2008, Plaintiff underwent new paranex and

---

[1] Presumably, Plaintiff is referring to the two x-rays that allegedly show an object in the area of the Wharton's duct.

[2] Because the Court finds that Plaintiff has failed to state a claim for deliberate indifference, it will not address Defendant Mobley's arguments regarding qualified immunity and respondeat superior in this Recommended Disposition. With regard to Defendant Mobley's argument that he is entitled to sovereign immunity, the Court disagrees. Although Plaintiff requests monetary damages in this matter, he also seeks injunctive relief. Defendant Mobley is not entitled to sovereign immunity in his official capacity for Plaintiff's claims for injunctive relief. Accordingly, Defendant Mobley is not entitled to summary judgment on that basis.

[3] Because the Court finds that Defendant Burnett is entitled to summary judgment on Plaintiff's deliberate indifference claim, his qualified immunity argument will not be addressed in this Recommended Disposition.

occlusal x-rays of his lower jaw (#138). Based upon all of the evidence presented, the Court finds that the motions for summary judgment (#83 and #99) should be GRANTED.

**III.   Discussion:**

    A.   Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.   Deliberate Indifference

Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (citing *Estelle*, 429 U.S. at 104-05).

When an inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be measured 'by reference to the effect of delay in treatment.'" *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), abrogation on other grounds recognized by *Reece v. Groose*, 60 F.3d 487, 492 (8th Cir. 1995) (quoting *Hill v. Dekalb Regional Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Therefore, the inmate "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment."

*Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (quoting *Hill*, 40 F.3d at 1188); see also *Jackson v. Hallazgo*, 30 Fed. Appx. 668 (8th Cir. Mar. 6, 2002) (unpub. per curiam) (citing *Coleman v. Rahija*, 114 F.3d at 778, 784 (8th Cir. 1997)) ("[a]n inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs"); *O'Neal v. White*, 221 F.3d 1343, *1 (8th Cir. July 12, 2000) (unpub. per curiam) (citing *Crowley*, 109 F.3d at 502) (concluding that plaintiff's "failure to submit verifying medical evidence to show a detrimental effect from any delay in tests, surgery, or alternative treatments was fatal to his Eighth Amendment claim")).

    **1.**    **Defendant Burnett**

In his original Complaint, Plaintiff alleges that on April 16, 2003, Defendant Burnett removed his submandibular gland. Dr. Burnett sent the excised submandibular gland to the Oral and Maxillofacial Pathology Laboratory College of Dentistry at the University of Oklahoma. According to Plaintiff's allegations, the pathology report indicated that were "areas of incipient stone formation observed" (#2 at p.11).

On April 24, 2003, Defendant Burnett examined Plaintiff based upon Plaintiff's concern that there was another stone located in his Wharton's duct (#99-2 at p.3). Defendant Burnett found that the wound was healing normally and there was no sign of infection. In addition, Defendant Burnett reported that there was no stone palpable (#99-2 at p.3).

Plaintiff was scheduled to see Defendant Burnett again on May 29, 2003 (#99-1 at p.3). However, Plaintiff failed to appear at the appointment (#99-1 at p.3).

On April 6, 2004, Defendant Burnett again examined Plaintiff based upon Plaintiff's concern of a residual stone and possible infection (#99-1 at p.3). Defendant Burnett examined the area and noted that the wound had healed. Specifically, Defendant Burnett noted that x-rays showed no evidence of residual stones (#99-1 at p.4).

In May 2005, another dentist, not a party to this lawsuit, took four additional occlusal x-rays. On June 30, 2005, Defendant Burnett participated in a "phone consult" with an unknown individual regarding the May 2005 x-rays. Based upon Plaintiff's allegations, Defendant Burnett noted that the May 2005 occlusal x-rays revealed a "surgical clip" located in Plaintiff's mouth. Apparently, Defendant Burnett stated that the surgical clip remains from Plaintiff's original treatment and "is supposed to be there" (#2 at p.13).[4]

In his Complaint and Amended Complaint, Plaintiff claims that Defendant Burnett never returned the May 2005 x-rays to his ADC medical jacket. On September 24, 2008, Plaintiff filed a motion to compel with this Court to retrieve the May 2005 x-rays (#103). Although the Court ordered both Defendants to produce the x-rays in question (#109 and #117), neither party has been able to do so (#115 and #122). As a result, the Court ordered that Plaintiff submit to new occlusal and paranex x-rays to resolve the issues raised in this lawsuit (#126). Although Plaintiff initially refused to submit to the x-rays (#130), he eventually consented, and the new x-rays were taken on December 4, 2008

---

[4] In Defendant Burnett's affidavit, he also notes that he observed the surgical clip "that was supposed to be present" (#99-1 at p.4).

(#138). After the x-rays were taken, the Court ordered that Defendant Mobley provide a written interpretation of the x-rays at issue (#139).

On January 9, 2009, Defendant Burnett submitted his affidavit providing a written interpretation of the December 2008 x-rays (#142). According to Defendant Burnett, "there is no visible evidence of salivary stone in the floor of [Plaintiff's] mouth, nor is there any visible foreign body" (#142-1 at p.1). Further, Defendant Burnett states that "[t]he surgical hemoclip which was visible in [Plaintiff's] previous occlusal films which were lost, is not visible" (#142-1 at p.1). Defendant Burnett explains that the hemoclip that previously was visible is not visible because the most recent x-rays were "placed in a more anterior position by the dentist who took the x-rays" (#142-1 at p.1). Defendant Burnett concludes that "[i]f [Plaintiff's] complaints were the result of a stone in the anterior floor of his mouth, we should have seen this stone with ease on the current films" (#142-1 at p.2).

In response to Dr. Burnett's affidavit, Plaintiff has filed several papers (#148, #152, and #153).[5] However, Plaintiff has failed to produce any evidence to contradict

---

[5] In these papers, Plaintiff argues that Defendant Burnett, as a party to this lawsuit, should not have been permitted to provide an interpretation of the December 2008 x-rays to the Court. The Court finds Plaintiff's argument unpersuasive. Defendant Burnett has been trained in both dentistry and oral and maxillofacial surgery and is qualified to testify on the matter in question. Further, Defendant Burnett provided his testimony under oath in the form of an affidavit. The Court presumes that Defendant Burnett has provided truthful testimony and that his attorney, as an officer of the Court, has submitted the affidavit in good faith. Because Plaintiff has failed to produce any evidence to contradict Defendant Burnett's statements in his affidavit, Plaintiff has failed to create a genuine issue of material fact on this issue.

Defendant Burnett's findings. While Plaintiff contends that Dr. Lamont Parson[6] has examined the most recent x–rays and concludes that the x-rays reveal that a surgical clip remains in the floor of Plaintiff's mouth (#153 at p.2), Plaintiff fails to include Dr. Parson's affidavit.[7] Further, even assuming that Dr. Parson did note that a surgical clip remains in Plaintiff's mouth, according to Plaintiff's own allegations, the surgical clip is "supposed to be there" (#2 at p.13).[8]

Further, Plaintiff has failed to produce any "verifying medical evidence" to show that he has suffered any adverse consequences as a result of any delay in treatment. Although Plaintiff claims that he has continued to experience pain and that an area in his mouth remains infected, Plaintiff has failed to introduce any evidence to corroborate those statements.

Accordingly, Plaintiff cannot show that Defendant Burnett has acted with deliberate indifference to his medical needs. Not only has Defendant Burnett examined Plaintiff on multiple occasions, but multiple x-rays have been taken, and oral surgery was performed. Plaintiff cannot credibly claim that Defendant Burnett has ignored his

---

[6] Plaintiff refers to this individual as both Dr. Parson and Dr. Parsons. The Court will refer to this individual as Dr. Parson.

[7] The Court specifically advised Plaintiff to provide any such evidence in its January 23, 2009 Order (#150). The Court notes that Plaintiff states that he was unable to obtain such an affidavit based upon ADC policy. To keep from prejudicing Plaintiff, for purposes of this motion, the Court will assume that Dr. Parson did in fact make such a statement.

[8] In addition, in the affidavit provided by Dr. James Phillips in support of Defendant Burnett's motion, he notes that surgical clips are "commonly used" to control bleeding in the type of surgery performed by Defendant Burnett (#99-2 at p.8). He specifically states that surgical clips "typically remain in the patient following surgery" (#99-2 at p.8).

situation. Although the procedures may not have provided Plaintiff with the relief he had hoped for, he can hardly claim that Defendant Burnett has disregarded his serious medical needs.[9] See *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285 (1976) (where medical personnel saw inmate 17 times in three months and treated back strain with bed rest, muscle relaxants, and pain relievers, their failure to x-ray his broken back or implement other diagnostic techniques or treatment was not deliberate indifference); *Sherrer v. Stephens*, 50 F.3d 496 (8th Cir. 1994) (holding that treatment of inmate's broken finger did not rise to the level of deliberate indifference based on evidence that he received x-rays, painkillers, instructions to apply ice, and was examined by orthopedists); and *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993) (holding that although physician misdiagnosed inmate's condition and method of physical examination and treatment may not have followed community standards, conduct did not amount to deliberate indifference).

In addition, in support of his motion for summary judgment, Defendant Burnett provides the affidavit of James Phillips M.S., D.D.S (#99-1), an oral and maxillofacial surgeon not a party to this action. Dr. Phillips concludes, after a review of Plaintiff's

---

[9] In his response to Defendant Burnett's affidavit, Plaintiff states that if Defendant Burnett missed the "foreign body" that Dr. Parson allegedly noticed, Defendant Burnett might have "missed other stones" (#148). Such speculation does not create a genuine issue of material fact. In addition, Plaintiff states that there were x-rays taken before his operation in 2003 that did not show a stone present (#148). Even assuming that statement is true, Plaintiff has failed to present any evidence that a stone remains in his mouth. Further, Plaintiff's conclusion that his sublingual gland contains granule stones (#153 at p.3) is not supported by the evidence in this case. Even if such stones were allegedly present in Plaintiff's x-rays taken in January 2003, there is no evidence that they currently remain in Plaintiff's mouth.

medical records, that Defendant Burnett followed appropriate standards of care in his treatment of Plaintiff's medical needs, and that it is his opinion "that the medical record reflects a conscientious and good faith effort by Dr. Burnett to resolve [Plaintiff's] medical issues" (#99-1 at p.9-10).

Here, Plaintiff essentially argues that he disagrees with the treatment that Defendant Burnett provided. However, "[n]othing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (citations omitted). Because a plaintiff's disagreement with treatment is insufficient to establish liability under § 1983, Defendant Burnett is entitled to judgment as a matter of law. See *Estate of Rosenberg v. Crandell*, *supra*.

### 2. Defendant Mobley

Plaintiff claims that Defendant Mobley, as the director of the health and service programs, received Plaintiff's grievance regarding the alleged denial of medical treatment and failed to ensure that Plaintiff received the medical treatment needed. Because the Court finds that Plaintiff has failed to establish a claim for deliberate indifference against Defendant Burnett, who was allegedly responsible for Plaintiff's dental treatment, Plaintiff cannot establish that Defendant Mobley, as director of heath of clinical programs, acted with deliberate indifference to Plaintiff's medical needs. As Defendant Mobley correctly asserts in his motion, to succeed on a medical indifference claim, the

claim must be brought against the individual directly responsible for the inmate's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Based upon the undisputed evidence in this case, Defendant Mobley was not the person responsible for providing medical treatment or medication to Plaintiff (#83-1 at p.1-2). Further, Defendant Mobley was not involved in the diagnosis or treatment of any of Plaintiff's medical needs. Rather, as the director of the health and service programs, Defendant Mobley reviewed inmate appeals of responses to health-related grievances.

Here, Defendant Mobley received Plaintiff's grievance and, after a lengthy delay, found that the procedure had been completed and that the stone had been removed from Plaintiff's salivary gland (#83-1). As a result, Defendant Mobley found that the issue had been resolved (#83-1). Although Plaintiff claims that Defendant Mobley did not "follow up[] properly"(#89) with regard to Plaintiff's medical treatment, Plaintiff has failed to show that Defendant Mobley "knew of but deliberately disregarded [his medical] needs." *Dulany*, 132 F.3d at 1239. Accordingly, Plaintiff cannot establish that Defendant Mobley acted with deliberate indifference, and Defendant Mobley is entitled to judgment as a matter of law on Plaintiff's claims.

## IV.   Conclusion:

The Court hereby recommends that Defendants' motions for summary judgment (#83) and (#99) be GRANTED.

DATED this 11th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE